UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Mary M. Buffie, Plaintiff, v. Home Depot, U.S.A., Inc., Defendant. | ) ) ) ) ) ) ) ) | Court File No. 00-123 RHK/JMM **STIPULATION AND ORDER ON CONFIDENTIALITY** |

Plaintiff Mary Buffie and Defendant Home Depot, U.S.A., Inc., through their counsel of record, jointly request that this Stipulated Protective Order be entered in this action in order to preserve the confidentiality of the parties' and Defendant's employees' business, financial, personnel and personal information.

Good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1. In this action, Plaintiff and Defendant have sought, anticipate seeking, anticipate receiving, and/or anticipate disclosing, providing or producing (collectively "disclosing"), pursuant to Fed. R. Civ. P. 26-36, documents, testimony and other information, (collectively "information") that contain confidential information (including information the disclosure of which could cause invasion of the privacy of Plaintiff or an employee or agent of Defendant, or could cause annoyance or embarrassment for Plaintiff or an employee or agent of Defendant), proprietary business information and/or trade secrets. This Protective Order shall govern the disclosure, maintenance and use of all information of any nature and form whatsoever, designated by either Plaintiff or Defendant as containing confidential or proprietary business information, financial information, personnel information, personal information, and/or trade secrets (hereinafter "Confidential Information").

MAY 22 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

2. "Confidential Information" shall include, but not be limited to, any document, testimony or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note or copy made therefrom, that is designated by Plaintiff or Defendant as containing proprietary business information, financial information, personnel information, personal information, and/or trade secrets.

3. This Stipulation and Order ("Confidentiality Order") shall govern all documents and discovery materials produced within the context of this litigation.

4. As used herein, the term "counsel of record" shall mean the attorneys of record and such legal associates, paralegals and clerical or other support staff who are employed by such counsel and actually involved in assisting in the litigation.

5. As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

6. As used herein, the term "party" shall mean, in the plural as well as the singular, the plaintiffs or the defendants in this action and shall include its directors, officers, employees or agents, past or present.

7. All documents and information provided or produced by Home Depot within the context of this litigation that falls within the following categories shall be designated "Confidential Material": (1) information in which the party or a third party has a protected privacy interest, including information contained in employee personnel files, and (2) information that is proprietary and confidential, business information, or trade secrets, the release of which the designating party reasonably believes in good faith would harm its business.

Plaintiff shall have the right to designate as "Confidential Material" documents of a similar nature.

8. Any party who objects to the classification of material as confidential, as provided in Paragraph 7, shall notify the opposing party in writing of that objection and specify the material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection. If the objection is not resolved at the meeting, the party designating the material classified as confidential shall, within 10 days of the expiration of the meet and confer period, file a motion (or raise the issue by other procedures as directed by the Court) to resolve the dispute over the confidential nature of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will not be considered confidential and will not continue to be subject to the protection of this Order.

9. As used herein, the term "Confidential Material" shall refer to:

a. Any documents (including any portions thereof and any information contained therein) produced in this litigation which has had stamped or affixed thereon the words "CONFIDENTIAL." The document may be designated as confidential when produced in an accompanying transmittal letter that states that the information is confidential and is subject to this Confidentiality Order.

b. Deposition testimony believed by a party to disclose confidential or proprietary information or information subject to an individual's privacy rights, may be designated as "Confidential Material" during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked

"CONFIDENTIAL PROTECTIVE ORDER" by the reporter as the designating party may direct, and shall be subject to the provisions of Paragraph 8, above. Similar practicable arrangements may be made to separate Confidential Material in videotaped depositions. All other portions, or the entire transcript or videotape if no designation is made, shall not be confidential and shall not be within the terms of this Confidentiality Order. Plaintiff agrees to notify defendant in writing before any non-confidential deposition testimony of any present or former officer or employee of Defendant taken in this action is used at trial of any other action against defendant.

c. Confidential Material does not include any information or documents obtained or produced by a party outside of the context of discovery in this litigation. However, nothing in this Confidentiality Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

10. Confidential Material shall be disclosed only to:

a. The Court and its officers pursuant to Paragraph 15 hereof;

b. Plaintiff, to the extent allowed by Paragraph 11 below;

c. Experts and/or consultants retained by counsel of record on behalf of the parties;

d. Witnesses or potential witnesses to the extent allowed by Paragraph 11 below;

e. Counsel of record and the respective personnel of the law firms as set forth in Paragraph 4;

f. Persons who have had previous access to the designated material or the

information contained therein; and

g. Defendant's managers and Human Resources personnel as needed to investigate and take appropriate action with regard to employee conduct for which the defendant might potentially be liable. Confidential Material shall not be disclosed to any other person except in compliance with Paragraphs 12 and/or 13 below, whichever is applicable.

11. Confidential Material produced by Defendant shall not be disclosed to the plaintiffs or to witnesses who are applicants, employees or former employees (collectively, "Plaintiff and Employee Witnesses"), but for the following exceptions. First, Plaintiff and Employee Witnesses may review the documents contained in their own store and/or payroll files, except that no such materials shall be disclosed to the Plaintiff and Employee Witnesses pursuant to this exception unless they have been specifically designated by Home Depot as constituting that individual's store and/or payroll file. Second, Plaintiff's counsel may consult with Plaintiff regarding aggregate statistical information derived from such documents, without revealing information specific to any particular individual.

12. Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution or defense of the claims at issue in this action.

13. If counsel for Plaintiff or Defendant should conclude that for the purpose of this action either side needs to disclose any Confidential Material or information derived from Confidential Material to any person not described in Paragraph 10 of this Confidentiality Order, counsel must request permission from opposing counsel in writing. If opposing counsel objects to the proposed disclosure, no such disclosure shall be made unless the Court orders otherwise.

However, each party may disclose its own Confidential Material without regard to this Confidentiality Order unless otherwise under an existing duty to another party not to do so.

15. Any person to whom the Confidential Material may be shown pursuant to Paragraphs 10(c) and (d) hereof shall first be shown or read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of a Confidentiality Agreement. The law firm obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. A deponent may be examined regarding Confidential Material provided that the deponent agrees in writing or on the record at the deposition to be bound by the terms of this Order and signs a copy of the Confidentiality Agreement unless a party objects to the examination. In the event of such objection, the objecting party shall within ten (10) days of the completion of the deposition file a notice or other application to the Court to resolve the dispute and shall bear the burden on the issue.

16. Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the producing party, each party shall promptly assemble and return all Confidential Material, including all copies thereof, to the producing party. The producing party to whom Confidential Material is returned shall acknowledge receipt of such material in writing.

17. Where any Confidential Material or information derived from Confidential Material is included in any papers filed with the Court, such papers shall be marked "CONFIDENTIAL - PROTECTIVE ORDER" and placed in a sealed envelope marked with the caption of the case, a general description of the contents of the envelope and a statement substantially in the following form: "This envelope contains documents subject to a Confidentiality Order entered in this action. It is not to be opened nor are the contents thereof to

be displayed, revealed or made public except by order of the Court."

18. This Confidentiality Order does not constitute a waiver of any party's rights to object to discovery on any grounds, including the ground that the information sought contains trade secrets, confidential business information and/or information in which third parties have a privacy right.

19. This Confidentiality Order is not intended to govern the use of Confidential Material at any trial of this action. Questions of the protection of Confidential Material during trial will be resolved by the Court prior to or during trial.

20. If another court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Confidentiality Order, such party shall promptly notify the producing party of the pendency of the subpoena or order and shall not produce the Confidential Material until the producing party has had reasonable time to object or otherwise to take appropriate steps to protect the Confidential Material.

21. This Stipulation and Order shall not prevent any of the parties from moving before this Court for an order that Confidential Material may be disclosed other than in accordance with this Stipulation and Order. This Stipulation and Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. The Court shall have continuing jurisdiction to modify, amend or rescind this Stipulation and Order notwithstanding the termination of this action.

Dated: ____________________

KASTER & ANDERSON

By ____________________
Donald H. Nichols Reg. No. 78918
4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

ATTORNEY FOR PLAINTIFF

Dated: April 13, 2000

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

By Kristin Jones Pierre
Donald M. Lewis Reg. No. 62844
Kristin Jones Pierre Reg. No. 239045
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

ATTORNEYS FOR DEFENDANT

**ORDER**

The foregoing Stipulation is approved and IT IS SO ORDERED.

DATED: 5/22/00

JOHN M. MASON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

**DISTRICT OF MINNESOTA**

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.